IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| RAYNARD D. GROSS,<br><br>                    Plaintiff,<br><br>v.<br><br>INTERNATIONAL STAGE LINES, INC.,<br><br>                    Defendant. | CAUSE NO.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>JURY DEMAND OF TWELVE |

**TO:** Clerk of the United States District Court for the Western District of Washington at Seattle:

Please take notice that Defendant INTERNATIONAL STAGE LINES, INC. ("Defendant") hereby removes the state court action entitled *Raynard D. Gross v. International Stage Lines,* Case No. 21-2-01575-8 SEA, on the docket of the Superior Court of the State of Washington, County of King, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DEFENDANT'S NOTICE OF REMOVAL - Page 1

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

Please further take notice that Defendant respectfully submits this demand for trial by jury pursuant to Fed. R. Civ. P. 38(b) and 81(c)(3)(B).  In support of this Notice of Removal and Demand for Jury Trial, Defendant states as follows:

### I.     STATE COURT ACTION

1.     The State Court action to be removed is *Raynard D. Gross v. International Stage Lines, Inc.,* Case No. 21-2-01575-8 SEA, King County Superior Court for the State of Washington (Plaintiff's Complaint – **Exhibit A**).

### II.     TIME FOR REMOVAL

2.     On March 17, 2021, Plaintiff served Defendant via their registered agent Lawson Lundell LLP with the Summons, Complaint, Order Setting Civil Case Schedule, and Plaintiff's Pattern Interrogatories and First Requests for Production to Defendant. Defendant therefore has until April 16, 2021 or thirty (30) days after serve of Plaintiff's Complaint, to move for removal to this Federal District Court.  28 U.S.C. § 1446(b). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### III.     BASIS FOR REMOVAL

3.     A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of a State and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).

**A.     Amount in Controversy**

4.     Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence,

that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001)

(concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7.   Similarly damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement.  See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); accord *Randle v. SmithKline Beecham Corp.,* 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8.   Plaintiff alleges that that he was struck by Defendant's bus and suffered an extensive pelvic injury.  Ex. A ¶4.   Plaintiff further allege that as a result of the accident, he suffered debilitating injuries to the degree that rendered him incapacitated as defined under RCW 4.16.190 for an extended period of time including incurring a traumatic brain injury. Ex. A ¶5.  Plaintiffs allege that as a result, his treating provider stated that "*[h]e has ABSOLUTELY no insight into his situation/medical conditio*n" and that "*[i]t is difficult to impossible to explain*

*all of these things to him due to his mental capacity."* Ex. A ¶6-7. Plaintiff's Complaint also alleges that he remains relegated to a lifetime of nursing as a consequence of his catastrophic injuries. Ex. A ¶8. Plaintiff seeks special damages, general damages, reasonable attorneys' fees and costs, applicable interest on the judgment and such other and further relief as the Court deems just and proper under the circumstances of this case. Exh. A Section IV.

9. A reasonable person would conclude that Plaintiff is seeking damages in excess of $75,000. That is, Plaintiff filed his Complaint in the Superior Court. In Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts. RCW 2.08.010; 3.66.020; CR 101(a).

10. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiff's costs and disbursements and other and further relief as the court may deem just and equitable. Exh. A Section IV.

11. Therefore, it is apparent from the face of Plaintiff's Complaint that Plaintiff is alleging damages in excess of $75,000.

**B.   There is Complete Diversity Among All Proper Parties**

12. This is a personal injury action arising from damages allegedly suffered by Plaintiff in a pedestrian versus bus accident in King County, Washington.

13. Plaintiff's Complaint alleges that Plaintiff is currently residing in the State of Washington.[1]

---

[1] *See* Exhibit A at p.1, Section I, ¶ 1.

DEFENDANT'S NOTICE OF REMOVAL - Page 5

14. Although Plaintiff's Complaint does not allege the domicile or residence of Defendant, Defendant is a Canadian corporation, lawfully incorporated under the laws of British Columbia, Canada, with its registered office/principal place of business at 4171 Vanguard Road, Richmond, BC V6X 2P6.[2] Therefore, Defendant is a citizen or subject of Canada for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

15. In light of the above, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(2)

**C.    Venue**

16. The United States District Court for the Western District of Washington includes the County in which the state court action is now pending. The state court action is currently pending in King County. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

### IV.    REQUIRED DOCUMENTS

17. Defendant will promptly file a copy of this Notice with the Clerk of the King County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

18. Within fourteen days of this Notice, Home Depot will file with the District Court of Washington black-on-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings if there are additional documents which were not filed with this notice of removal. Local Rule W.D. Wash. 101(c).

19. In accordance with 28 U.S.C. § 1446 and Local Rule W.D. Wash. 101(b), attached

---

[2] *See Declaration of Kelsey L. Shewbert,* **Exhibit 1**.

DEFENDANT'S NOTICE OF REMOVAL - Page 6

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

are the following documents that have been received by the Defendant: **Exhibit A** – Complaint; **Exhibit B** – Summons; **Exhibit C** – Order Setting Civil Case Schedule; **Exhibit D** – Case Information Cover Sheet; **Exhibit E** – Notice of Appearance of Counsel; **Exhibit F** – Notice of Association of Counsel; **Exhibit G** – Plaintiff's First Interrogatories and Request for Production to Defendant; and **Exhibit H** – Civil Cover Sheet.

## V.   JURY DEMAND

20.    Defendant respectfully submits this demand for trial by a twelve (12) person jury pursuant to Fed. R. Civ. P. 38(b) and 81(c)(3)(B). Plaintiff filed their Complaint in King County Superior Court on February 4, 2021.  Plaintiff served the Complaint and Summons on March 17, 2021.  Defendant removes this matter to this Court pursuant to this Notice of Removal and hereby respectfully demands a trial by a twelve (12) person jury.

## VI.   INTRADISTRICT ASSIGNMENT

21.    This matter should be assigned to the Seattle Division, as the alleged events in this matter arose in King County, making the Seattle Division the appropriate venue.  Local Rule W.D. Wash. 3(e).

## VII.   PRESERVATION OF RIGHTS

22.    By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to them under state or federal law.  Defendant expressly reserves the right to move for dismissal of Plaintiff's claims under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendant requests that the above-captioned matter is hereby removed to the United States District Court for the Western District of

1 Washington, Seattle Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby request

2 that this Court retain jurisdiction for all further proceedings herein.

4 DATED this 30th day of March, 2021 in Seattle, Washington.

HOLT WOODS & SCISCIANI LLP

By *s/Kelsey L. Shewbert*
By *s/Jonathan Dirk Holt*
By *s/ Sebastian G. Toth*
   Jonathan Dirk Holt, WSBA No. 28433
   dholt@hwslawgroup.com
   Kelsey L. Shewbert, WSBA No. 51214
   kshewbert@hwslawgroup.com
   Sebastian G. Toth, WSBA No. 51348
   stoth@hwslawgroup.com
   Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>Lincoln C. Beauregard<br>Robert Sears<br>Connelly Law Offices, PLLC<br>2301 North 30th Street<br>Tacoma, WA 98403<br>lincolnb@connelly-law.com<br>rob@searsinjurylaw.com<br>vshirer@connelly-law.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via CM/ECF E-Service** |

DATED this 30th day of March 2021 in Seattle, Washington.

/s/ Christie Kramer
Christie Kramer, Legal Assistant