UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYNARD D. GROSS,<br><br>            Plaintiff,<br><br>    v.<br><br>INTERNATIONAL STAGE LINES INC.,<br><br>            Defendant. | CASE NO. 2:21-CV-428-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 11, 2021 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Presently before the Court is Defendant International Stage Lines, Inc.'s Motion to Dismiss. Dkt. 7. After consideration of the relevant record, the Court concludes Plaintiff's claim was filed beyond the three year statute of limitations. Plaintiff, however, has alleged facts sufficient to show the limitations period may be tolled in this case due to Plaintiff's alleged incapacitation. Accordingly, the undersigned recommends Defendant's Motion to Dismiss (Dkt. 7), as well as Plaintiff's request that the Motion to Dismiss be converted to a motion for summary judgment, be denied.

I. **Background**

In the Complaint, Plaintiff alleges Defendant was negligent when a tour bus operated by Defendant struck Plaintiff as he was crossing a street as a pedestrian ("the incident"). Dkt. 1-1. As a result of the incident, Plaintiff alleges he suffered debilitating injuries. *Id*.

Plaintiff filed this action in King County Superior Court on February 4, 2021. Dkt. 1-1. On March 30, 2021, Defendant removed the action to this Court. Dkt. 1. Defendant filed the Motion to Dismiss on April 6, 2021, alleging Plaintiff's claim is barred by the statute of limitations. Dkt. 7. Plaintiff filed his Response on April 26, 2021, and, on April 30, 2021, Defendant filed its Reply. Dkt. 10, 14.

II. **Motion to Dismiss or Motion for Summary Judgment**

Defendant moves for dismissal of this suit pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging Plaintiff has failed to state a claim upon which relief can be granted as the claim is barred by the statute of limitations. Dkt. 7. In support of its Motion to Dismiss, Defendant included a complete copy of the police report quoted in the Complaint to show the date of the incident. *See* Dkt. 8. Plaintiff asserts the Court should convert the Motion to Dismiss to a motion for summary judgment and consider evidence Plaintiff submitted because Defendant is relying on documents outside the Complaint. Dkt. 10.

The evidence before the Court includes a police report submitted by Defendant, six declarations and medical records submitted by Plaintiff with his Response to the Motion to Dismiss, and a supplemental declaration filed by Plaintiff after Defendant filed its Reply. Dkt. 8, 11-13, 15.

Generally, the Court may not consider materials outside the pleadings on a motion to dismiss without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(b).

However, there are two exceptions to this rule. The Court may (1) consider materials necessarily part of the complaint even if they are not attached to it and (2) take judicial notice of matters of public record. *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Court finds converting the Motion to Dismiss to a motion for summary judgment is not warranted in this case. Plaintiff alleges Defendant is responsible for the negligent actions of a tour bus it operated. Dkt. 1-1. To proceed on this claim, Plaintiff must show the claim is timely filed. Plaintiff omitted the date of the incident in the Complaint, which is included in the police report. Further, Plaintiff quoted the police report to establish the facts of the incident. The Court notes Plaintiff does not dispute the date and includes the date of the incident in his filings. *See* Dkt. 11-1. For these reasons, the Court finds the police report may be considered when deciding the Motion to Dismiss in so far as it establishes the date of the incident. *See Fraley v. Facebook*, 830 F. Supp. 2d. 785, 795 (N.D. Cal. 2011) (noting the purpose of the incorporation by reference doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based").

The Court, however, finds the evidence submitted by Plaintiff is outside the pleadings and does not fit within the exceptions that would allow it to be considered in ruling on the

Motion to Dismiss. Therefore, the Court finds the evidence submitted by Plaintiff (Dkt. 11-13, 15) should not be considered in ruling on the Motion to Dismiss.

In conclusion, the Court will consider the police report included in Defendant's Motion to Dismiss to establish the date of the incident. The Court will not consider the evidence submitted by Plaintiff and recommends denying Plaintiff's request to convert the Motion to Dismiss into a motion for summary judgment. *See Swedberg v. Marotzke,* 339 F.3d 1139, 1143–1146 (9th Cir. 2003) (where a district court does not rely on the materials submitted outside the pleadings, a motion to dismiss need not be converted to a motion for summary judgment).

The Court will now turn to the legal arguments of Defendant's Motion to Dismiss.

### III. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). Although the Court must accept as true a

complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

## IV. Discussion

### A. *Statute of Limitations*

Defendant asserts Plaintiff's claim is barred by the statute of limitations. Dkt. 7. The statute of limitations for a personal injury action arising in Washington State is three years. Wash. Rev. Code ("RCW") § 4.16.080(2). Here, the Complaint is devoid of the date the incident giving rise to this action occurred. *See* Dkt. 1-1. However, the police report states the incident occurred on June 23, 2017. Dkt. 8, p. 9. Plaintiff does not dispute this date. *See* Dkt. 10. Plaintiff filed the Complaint in state court on February 4, 2021, more than three years after the incident. Dkt. 1-1. Therefore, Plaintiff's Complaint was not filed within the three year statute of limitations.

### B. *Tolling*

In the Complaint, Plaintiff alleges he was incapacitated as defined by RCW § 4.16.190, which the Court liberally construes as asserting he is entitled to tolling of the limitations period. *See* Dkt. 1-1. Under federal law, courts look to state law to decide whether an applicable tolling doctrine applies. *Cloud ex rel. Cloud v. Summers*, 991 P.2d 1169 (1999). Washington State allows for a tolling period if a person is incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings. *See* RCW § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006). The Washington State Supreme Court has held that "RCW 4.16.190 has four factors plaintiffs must satisfy to toll the statute of limitations based upon incompetence or disability. Plaintiffs must show that (1) they are entitled to

bring the action, (2) they are incapacitated at the time the cause of action accrues, (3) they are incompetent or disabled to the degree that they cannot understand the nature of the proceedings, and (4) the incompetency or disability exists as 'determined according to chapter 11.88 RCW.'" *Rivas v. Overlake Hosp. Medical Center*, 164 Wash.2d 261, 268 (2008).

With respect to the fourth factor, a person is deemed "incapacitated" when he presents a significant risk of personal harm based upon a demonstrated inability to adequately provide for his nutrition, health, housing, or physical safety. RCW 11.88.010(1)(a); *see also Rivas*, 164 Wash.2d at 268. The determination of incapacity is a legal, not medical, determination. RCW 11.88.010(1)(c). "Age, eccentricity, poverty, or medical diagnoses alone shall not be sufficient to justify a finding of such incapacity." *Id.* "A plaintiff . . . carries the burden of proof if he alleges that the statute was tolled and does not bar the claim." *Pope v. McComas*, 2011 WL 1584213, at *7 (W.D. Wash. Mar. 10, 2011), *report and recommendation adopted*, 2011 WL 1584200 (W.D. Wash. Apr. 26, 2011).

Here, Plaintiff alleges the tolling provided by RCW § 4.16.190 applies because he is incapacitated due to debilitating injuries, including a traumatic brain injury ("TBI"), that occurred as a result of the incident. *See* Dkt. 1-1; Dkt. 10. Plaintiff asserts his treating physician states that, as of February 2018, Plaintiff had no insight into his situation/medical condition and another doctor noted that, as of February 2019, "[i]t is difficult or impossible to explain all of these things to him due to his mental capacity." *Id*. at ¶¶ 6-7.

Plaintiff does not allege he has been declared an incompetent person by a Washington State superior court, been the subject of a guardianship petition in a Washington State superior court, or

1 | been appointed a guardian by a Washington State superior court.[1] *See* Dkt. 1-1. Furthermore, the
2 | allegations in the Complaint -- that Plaintiff had a TBI, had no insight into his medical
3 | conditions, and that it was difficult to explain an unknown thing to him -- fail to show Plaintiff
4 | was at a significant risk of personal harm because of an inability to adequately provide for his
5 | nutrition, housing, or physical safety at the time this action accrued. Thus, these allegations are
6 | not sufficient to show Plaintiff was incapacitated at the time the incident occurred.

7 | Plaintiff, however, alleges that he remains relegated to a lifetime of nursing as a result of
8 | his injuries from the incident. *See id*. While the Complaint is sparse and conclusory, it is
9 | plausible Plaintiff could show a "lifetime of nursing" means he could not adequately provide for
10 | his nutrition, housing, or physical safety at the time of the incident. Thus, at this time, it does not
11 | appear "beyond doubt that the plaintiff can prove no set of facts that would establish the
12 | timeliness of the claim." *Hogan v. BMW of North America LLC*, 2020 WL 5664946, at * 4
13 | (W.D. Wash. Aug. 31, 2020). Therefore, Plaintiff has alleged facts sufficient to show the statute
14 | of limitations may toll in this case. *Compare Ebeling v. Cordero*, 2014 WL 5111891 (W.D.
15 | Wash. Oct. 10, 2014) (finding question of fact as to tolling under RCW 4.16.190 when there was
16 | evidence the plaintiff demonstrated a lack of mental faculty for at least one day following the
17 | accident that gave rise to the lawsuit) *with Keefe v. Crowne Plaza Hotel Seattle*, 2017 WL
18 | 1210224 (W.D. Wash. April 3, 2017 (finding RCW 4.16.190 did not apply when the plaintiff
19 | alleged only that she was diagnosed with PTSD).

---

[1] The *Rivas* court noted "chapter 11.88 RCW provides the substantive definition of disability or incapacity for the purposes of tolling." 164 Wash.2d 270. Thus, the Court is not finding Plaintiff is required to show the state court made a determination that he was incapacitated under RCW 11.88 as of the date of the incident.

REPORT AND RECOMMENDATION - 7

C. *Summation*

In conclusion, Plaintiff filed this lawsuit more than three years after the alleged incident; however, Plaintiff has pled facts sufficient to show tolling under RCW 4.16.190 may be warranted. Therefore, the Court finds the Complaint should not be dismissed for failure to state a claim. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (finding dismissal on statute of limitations grounds disfavored where matters outside the complaint may not be considered and where tolling may apply).

The Court notes that Plaintiff's tolling argument is more appropriately considered on a motion for summary judgment, which Defendant is not precluded from bringing.

**V.     Conclusion**

For the foregoing reasons, the Court recommends both Plaintiff's request to convert the Motion to Dismiss to a motion for summary judgment and Defendant's Motion to Dismiss (Dkt. 7) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 11, 2021, as noted in the caption.

Dated this 26th day of May, 2021.

*[signature]*
David W. Christel
United States Magistrate Judge