THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYNARD D. GROSS, individually,

Plaintiff,

v.

INTERNATIONAL STAGE LINES, INC.,

Defendant.

CASE NO. C21-0428-JCC

ORDER

This matter comes before the Court on Defendant's objections (Dkt. No. 17) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Defendant's objections and ADOPTS the R&R for the reasons explained herein.

I.     **BACKGROUND**

In June 2017, Plaintiff Raynard Gross was walking across the street in South Seattle when he was struck and injured by a tour bus operated by Defendant International Stage Lines, Inc. (Dkt. No. 8 at 9–12.) A little more than three-and-a-half years later, Plaintiff filed this negligence suit against Defendant seeking damages for serious personal injuries, including an extensive pelvic injury and a traumatic brain injury ("TBI"). (Dkt. No. 1-1.) Plaintiff's complaint alleges that his debilitating injuries, including the TBI, rendered him incapacitated within the

meaning of Washington's personal disability tolling statute. (*Id.* at 3.)[1] Specifically, Plaintiff alleges that his treating physician noted in February 2018 that Plaintiff "has absolutely no insight into his situation/medical condition" and in February 2019 that "it is difficult to impossible to explain all these things to him due to his mental capacity." (*Id.* at 3–4.) Plaintiff further alleges that as a result of his injuries, he "remains relegated to a lifetime of nursing." (*Id.* at 4.)

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff's claim is barred by the three-year statute of limitations. (Dkt. No. 7 at 1.) Plaintiff argues that the statute of limitations has been tolled because of his incapacitation. (Dkt. No. 10.) Judge Christel recommends the Court deny the motion to dismiss because Plaintiff alleges sufficient facts to show that the limitations period may be tolled. (Dkt. No. 16.) Defendant has objected. (Dkt. No. 17.)

## II. DISCUSSION

### A. Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The expiration of the statute of limitations is an affirmative defense that a plaintiff need not negate in his complaint. *United States v.*

---

[1] "[A] person is incapacitated for the purpose of tolling the statute of limitations if he or she 'cannot understand the nature of the proceedings' claimed to be tolled because of an incapacity or disability that creates 'a significant risk of personal harm based upon a demonstrated inability to adequately provide for nutrition, health, housing, or physical safety.'" *Rivas v. Overlake Hosp. Med. Ctr.*, 189 P.3d 753, 754 (2008) (quoting Wash. Rev. Code §§ 4.16.190, 11.88.010(1)(a)).

*McGee*, 993 F.2d 184, 187 (9th Cir. 1993). The Court may grant a motion to dismiss based on the running of the statute of limitations only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

The Ninth Circuit has cautioned that ordinarily, "tolling is not properly resolved at the pleading stage." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). The Court has affirmed dismissal at the pleading stage based on the statute of limitations only when a plaintiff has alleged no facts to support tolling, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011), or when "some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the . . . tolling issue," *Cervantes*, 5 F.3d at 1276 (collecting these "unusual cases"); *see also Orkin v. Taylor*, 487 F.3d 734, 741–42 (9th Cir. 2007) (affirming dismissal because the face of the complaint established facts that foreclosed one of the elements of equitable tolling). But when a plaintiff has alleged facts "showing the *potential* applicability" of tolling, dismissal is not appropriate. *Cervantes*, 5 F.3d at 1277.

### B.  Defendant's Objections

Judge Christel concluded that Plaintiff's complaint satisfies this standard because it alleges facts sufficient "to show the limitations period may be tolled in this case due to Plaintiff's alleged incapacitation." (Dkt. No. 16 at 1, 7–8.) Defendant objects, arguing that the R&R "incorrectly focuses on a theoretical future substantive argument that may be shown by Plaintiff," (Dkt. No. 17 at 3), and that the complaint must be dismissed because Plaintiff's allegations are insufficient to satisfy all the elements required for tolling, (*id.* at 4–12).

Defendant's argument misapprehends the legal standard and asks the Court to impose a higher burden on Plaintiff at the pleading stage than what the Ninth Circuit requires. At this stage, Plaintiff must allege facts showing he is *potentially* entitled to tolling. *Cervantes*, 5 F.3d at 1277. The Court agrees with Judge Christel that Plaintiff has done so. Plaintiff alleges that he

sustained a TBI and physical injuries in the accident that are so serious that he will require a lifetime of nursing. Further, his treating doctor noted he lacked any insight into his medical condition as of February 2018, and that it was difficult or impossible to explain information to him due to his mental capacity in February 2019. (Dkt. No. 1-1.) Based on these allegations, the Court agrees that Plaintiff may be able to prove he is entitled to tolling based on incapacitation such that his complaint is timely.

Accordingly, the Court OVERRULES Defendant's objections.

## III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant's objections (Dkt. No. 17), ADOPTS Judge Christel R&R (Dkt. No. 16), and DENIES Defendant's motion to dismiss (Dkt. No. 7).

DATED this 28th day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE