HONORABLE DAVID W. CHRISTEL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| RAYNARD D. GROSS,<br><br>                    Plaintiff,<br><br>v.<br><br>INTERNATIONAL STAGE LINES,<br><br>                    Defendants. | CAUSE NO. 2:21-CV-00428-JCC-DWC<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The discovery sought by the parties in the above-captioned case is likely to involve the production of documents and information containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 1

HOLT WOODS &SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

**Designation of Confidential Information**

1.  *Designation of Material*.  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as confidential material.  Copies, extracts, summaries, notes, and other derivatives of confidential materials also shall be deemed confidential material and shall be subject to the provisions of this Order.

2.  *Subsequent Designation*.  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.  *Designation of Depositions*.  Depositions or portions of thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 2

**HOLT WOODS &SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

4. *Modification of Designation*.  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the party who made the original designation may move the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) declaring that the information or material has been properly given the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

**Access to Confidential Information**

5. *General Access*.  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must agree to be bound by this Confidentiality Stipulation and Protective Order in writing prior to receipt of any Confidential Information.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 3

HOLT WOODS &SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

retained, or may be retained, by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation).

6. *No Copies/Notes*.  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. *Amendments to Rights of Access.*  Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information or other modifications, subject to order by the Court.

8. *Dispute over Access*.  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

9. *Use in this Litigation Only*.  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

10. *Use at Depositions*.  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

11. *Use at Court Hearings and Trial*.  Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.

Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

12. *Filing Under Seal*. Each document filed with the Court that contains Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof reveled except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

13. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

14. *Return after Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same or destroy all documents claimed to be or to contain Confidential Information which had been marked by the producing party as "Confidential."

15. *Not an Admission*. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

16. *Waiver*. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 5

HOLT WOODS &SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

17. *Survival*. This order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

18. *Miscellaneous*. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

**IT IS SO STIPULATED:**

HOLT WOODS & SCISCIANI LLP

By: /s/ *Sebastian G. Toth*
Jonathan Dirk Holt, WSBA No. 28433
dholt@hwslawgroup.com
Kelsey L. Shewbert, WSBA No. 51214
kshewbert@hwslawgroup.com
Sebastian G. Toth, WSBA No. 51348
stoth@hwslawgroup.com
Attorneys for International Stage Lines, Inc.

CONNELLY LAW OFFICES

By: /s/
Lincoln Beauregard, WSBA No. 32878
lincolnb@connelly-law.com
Attorneys for Raynard Gross

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 6

HOLT WOODS &SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

**IT IS SO ORDERED:**

Based on the foregoing Stipulation, IT IS HEREBY ORDERED that the terms stipulated above shall constituted this Court's Protective Order and shall govern the designation and handling of Protected Information and confidential deposition testimony as described and defined therein.

DATED this 3rd day of November, 2021.

_____
David W. Christel
United States Magistrate Judge

DWC STIPULATION AND ORDER FOR PROTECTION
(CAUSE NO. 2:21-CV-00428-JCC) - Page 7

HOLT WOODS &SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065