UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYNARD D. GROSS,<br><br>          Plaintiff,<br><br>    v.<br><br>INTERNATIONAL STAGE LINES INC.,<br><br>          Defendant. | CASE NO. 2:21-CV-428-JCC-DWC<br><br>AMENDED ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE |

The Court has reviewed the parties' Stipulated Motion to Continue Trial Date and Amend the Case Schedule. Dkt. 30 The Court grants the Motion (Dkt. 30) and amends Order Setting Trial Date and Pretrial Schedule[1] as follows:

This case is scheduled for a six-day jury trial on **January 23, 2023 at 9:30 a.m.** before the Honorable John C. Coughenour, Courtroom 16206 with the following pretrial schedule:

| Event | Date |
|---|---|
| Initial disclosures deadline | August 6, 2021 |

---

[1] The dates that have been amended are in bold.

AMENDED ORDER SETTING TRIAL DATE AND
PRETRIAL SCHEDULE - 1

| Deadline for joining additional parties | September 30, 2021 |
|---|---|
| Plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) | **May 31, 2022** |
| Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) | **June 30, 2022** |
| Rebuttal expert disclosures | **August 1, 2022** |
| Last date to file motions related to discovery | **August 10, 2022** |
| Discovery completed by | **August 31, 2022** |
| All dispositive motions must be filed by (*see* LCR 7(d)) | **August 31, 2022** |
| Mediation per LCR 39.1(c), if requested by the parties, held no later than | **December 19, 2022** |
| All motions in limine must be filed by this date and noted on the motion calendar no later than the THIRD Friday after filing.<br><br>Motions in limine raised in trial briefs will not be considered. | **December 22, 2022** |
| Agreed LCR 16.1 Pretrial Order due | **January 11, 2023** |
| Trial briefs, proposed voir dire, jury instructions, and exhibits by | **January 17, 2023** |
| Pretrial conference | To be set by the Court |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial dates assigned to this matter creates an irreconcilable conflict, counsel must notify Deputy Clerk Kim Brye at kim_brye@wawd.uscourts.gov, within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

<b>Trial Procedures</b>

     **1.**     **Jury Instructions.**  Jury instructions should be numbered sequentially. Counsel should submit two copies of proposed jury instructions, one with citations and one without, and should send electronic copies of the instructions to the chambers orders inbox at [coughenourorders@wawd.uscourts.gov](mailto:coughenourorders@wawd.uscourts.gov). Counsel is advised that the Court relies primarily on the Ninth Circuit Manual of Model Jury instructions, available at ttp://www3.ce9.uscourts.gov/jury-instructions/model-civil. The Court will rarely, if ever, deviate from the model instructions' language.  Counsel should refer to the filing instructions in Local Rule CR 51(h) for further instruction on Joint Instructions and Joint Statements of Disputed Instructions.

     **2.**     **Trial exhibits**. The Court must receive all trial exhibits by the date noted above.  All trial exhibits must be pre-marked by counsel.  Exhibit tags can be obtained from the Clerk's Office.  Plaintiff's exhibits shall be numbered consecutively starting with number 1. Defendant's exhibits shall be numbered consecutively starting with number A-1.  Duplicated documents shall not be listed twice on the exhibit list.  **Once a party has identified an exhibit on the exhibit list or in the pretrial order, any party may use it.  Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.  This original, and one copy, should be delivered to the in-court clerk on the morning of trial.**  If the exhibit list is revised at any time after it is filed with the Court, counsel shall file a revised exhibit list.  Technology training is strongly encouraged.

<b>Discovery</b>

     As required by CR 37(a), all discovery matters are to be resolved by agreement if possible.  Counsel shall also cooperate in preparing the agreed pretrial order in the format required by CR 16.1.

**Settlement**

The Court designates this case for mediation under CR 39.1(c) and the parties are directed to follow through with the procedures set forth in that rule. If this case settles, plaintiff's counsel shall notify Kim Brye at kim_brye@wawd.uscourts.gov, as soon as possible. Pursuant to CR11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 8th day of February, 2022.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge